## MATTER OF MONTEMAYOR

### In Deportation Proceedings

### A-31346993

*Decided by Board June 13, 1975*

(1) Respondent was admitted to the United States in 1971 as an immigrant, based on marriage to a United States citizen. Such marriage was void because he then had a prior existing marriage which had not been terminated. He fraudulently misrepresented his marital status in obtaining his immigrant visa. The immigration judge found respondent deportable on three grounds of deportability, under section 241(a)(1) of the Immigration and Nationality Act, based on excludability at time of entry—under section 212(a)(14) of the Act (no labor certification), section 212(a)(19) of the Act (fraudulent procurement of documents), section 212(a)(19) of the Act (no valid visa). Respondent claims benefits of section 241(f) of the Act.

(2) BIA found respondent not protected by section 241(f) as to the grounds of deportation based on no labor certification (section 212(a)(14)) and no valid visa (section 212-(a)(20)), citing Supreme Court's opinion in *Reid* v. *INS*, 420 U.S. 619 95 S. Ct. 1164 (1975). Latter construed *INS* v. *Errico*, 385 U.S. 214 (1966) as extending waiver provisions of section 241(f) of the Act only to subsection 19 of section 212(a), but to no other ground of excludability specified in said section 212(a).

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—no labor certification, no valid immigrant visa, obtained visa by fraud, or misrepresentation.

ON BEHALF OF RESPONDENT:
Robert S. Bixby, Esquire
30 Hotaling Place
San Francisco, CA 94111

ON BEHALF OF SERVICE:
Bernard J. Hornbach
Trial Attorney

In a per curiam decision dated March 5, 1975, we dismissed the respondent's appeal from an order of an immigration judge which directed the respondent's deportation to the Philippines. The respondent has filed a motion in which he seeks reopening and eventual termination of these proceedings pursuant to section 241(f) of the Immigration and Nationality Act. The motion will be denied.

The respondent is a native and citizen of the Republic of the Philippines. He was admitted to the United States as an immigrant in September of 1971. His admission was in part based on his marriage to a

United States citizen. This marriage was invalid from its inception because the respondent had a prior marriage which had not been legally terminated. The respondent, however, fraudulently misrepresented his marital status in obtaining his immigrant visa.

In the order to show cause instituting these proceedings the Service alleged three grounds of deportability, each of which was predicated on section 241(a)(1). The Service contended, and the immigration judge found, that the respondent was excludable at entry under section 212-(a)(14), which relates to the absence of a valid labor certification, under section 212(a)(19), which relates to the fraudulent procurement of documents, and under section 212(a)(20), which relates to the absence of a valid visa. We affirmed the immigration judge's decision in our order of March 5, 1975.

The respondent no longer challenges these earlier determinations; he merely contends that his deportation on these charges is presently precluded by virute of section 241(f) of the Act. Section 241(f) provides:.

> The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence.

The evidence submitted with the respondent's motion indicates that he has obtained a divorce from his first wife, and has obtained a decree of annulment with respect to his second marriage. Both of these judgments were rendered by a Nevada court on April 3, 1975. On that same day, the respondent entered into another marriage; he asserts that his present wife is an alien lawfully admitted for permanent residence. The Service does not challenge this assertion, and for the purposes of this motion we shall assume that the respondent has the requisite familial relationship to qualify for the benefits of section 241(f).

The Service contends that the respondent was not "otherwise admissible at the time of entry," and thus cannot avail himself of section 241(f). The Service's position appears to be that the respondent would have admitted the essential elements of a crime involving moral turpitude, namely bigamy, had he told the truth regarding his marital status at the time he applied for his immigrant visa. However, we need not address ourselves to the questions raised by this argument,[1] because we have concluded that the Supreme Court's decision in *Reid* v. *INS*, 420 U.S. 619, 95 S. Ct. 1164 (1975), precludes the application of section 241(f) to two of the charges of deportability in this case.

In *Reid* v. *INS, supra*, the Supreme Court held that section 241(f) did

---

[1] See generally *Matter of G—M—*, 7 I. & N. Dec. 40 (BIA 1955; A.G. 1956).

not benefit an alien who had entered the United States under a false claim to United States citizenship and who was charged with deportability as an alien who had entered without inspection under section 241(a)(2) of the Act. However, it is not this holding, but rather other statements made by the Court which concern us here.

The Court's opinion in *Reid* indicates disapproval of the case law on section 241(f) as it developed after the Court's earlier decision in *INS* v. *Errico*, 385 U.S. 214 (1966). The Court in *Reid* expressed specific dissatisfaction with the "qualitative—quantitative" approach to section 241(f) questions set forth in *Godoy* v. *Rosenberg*, 415 F.2d 1266 (C.A. 9, 1969). *Godoy* had held that section 241(f) could operate to waive a section 241(a)(1) charge of deportability predicated on an alien's failure to satisfy the labor certification requirements of section 212(a)(14).

The Service has charged the respondent in this case with deportability as an alien who was excludable at entry under section 212(a)(14). In view of the Court's criticism of *Godoy*, we hold that section 241(f) does not save the respondent from deportation on that charge.

In addition, as we interpret the Court's opinion in *Reid*, section 241(f) cannot benefit an alien charged with deportability as one who was excludable at entry under section 212(a)(20). We recognize that a charge of deportability based on section 212(a)(20) is quite analogous to one of the section 211(a) charges that were in issue in *INS* v. *Errico*, supra, and that the Supreme Court in *Reid* did not overrule *Errico*. However, the *Reid* opinion does severely limit the import of both *Errico* and section 241(f).

In *Reid*, the Supreme Court noted that "[t]he language of §241(f) tracks with the provisions of §212(a)(19) . . . ." [2] Later in the *Reid* opinion, the Court turned to a discussion of *Errico* and pointed out that "*Errico* was decided by a divided Court over a strong dissenting opinion." [3] Then, the Court detailed the confusing case law which had resulted from "the broad language used in some portions of the Court's opinion in *Errico*," [4] and proceeded to circumscribe greatly the scope of *Errico*. The Court stated:

> We adhere to the holding of [*Errico*], *which we take to be* that where the INS chooses not to seek deportation under the obviously available provisions of §212(a)(19) relating to the fraudulent procurement of visas, documentation, or entry, but instead asserts a failure to comply with those separate requirements of *§211 (a)*, dealing with compliance with quota requirements, as a ground for deportation under §241(a)(1), §241(f) waives the fraud on the part of the alien in showing compliance with the provisions of *§211(a)*. [5] (Emphasis added.)

---

[2] *Reid* v. *INS*, 95 S. Ct. at 1167.
[3] Id. at 1169.
[4] Id. at 1170.
[5] Id. at 1170–71.

After limiting *Errico* in this manner, the Supreme Court addressed the question of the scope of section 241(f) as applied to the various provisions of section 212(a). The Court stated:

> In view of the language of §241(f) and the cognate provisions of §212(a)(19), we do not believe *Errico's* holding may properly be read to extend the waiver provisions of §241(f) to any of the grounds of excludability specified in §212(a) other than subsection 19.[6]

This narrower view of section 241(f) disposes of some problems which arose in lower court cases subsequent to the decision in *INS* v. *Errico,* supra. To draw an analogy with the Supreme Court's discussion of these lower court cases, the application of section 241(f) to a charge of deportability based on section 212(a)(20) would lead "to the conclusion that §241(f) waives a substantive ground for deportation . . . if the alien can affirmatively prove his fraudulent intent . . ., but grants no relief to aliens with exactly the same familial relationship who are unable to satisfactorily establish their dishonesty.[7] "The Supreme Court's resolution of section 241(f) avoids the need either to reach "such an irrational result," or "[to go] so far as to declare that §241(f) waives deportability under §241(a)(1) even though no fraud is involved . . . ." [8] We hold that section 241(f) does not apply to a section 241(a)(1) charge of deportability based on section 212(a)(20).

We recognize that this construction of the statute drastically reduces the scope of section 241(f). See generally *Matter of Slade,* 10 I. & N. Dec. 128 (BIA 1962). It means that there will virtually always be an alternative ground of deportability, not affected by section 241(f), in any case in which deportability can be predicated on section 212(a)(19). In the case of an alien who entered with an immigrant visa, such as the respondent, a common alternative charge would be based on section 212(a)(20). However, the Court's opinion in *Reid* limits the applicability of section 241(f) to a section 241(a)(1) charge of deportability based either on section 212(a)(19), or on section 211(a) as it appeared prior to its amendment in 1965. See Act of October 3, 1965, 79 Stat. 911, 917.

In the respondent's case, section 241(f) could only prevent his deportation on the charge of deportability based on section 212(a)(19). The respondent, however, remains deportable under the charges based on section 212(a)(14) and section 212(a)(20). No useful purpose would be served by granting the respondent's motion.

ORDER: The motion is denied.

**Irving A. Appleman, Board Member, concurring:**

The respondent has been found deportable on all three of the charges set forth in the caption. The majority decision finds that in the light of

---

[6] Id. at 1171.
[7] Id. at 1170.
[8] Id. at 1170.

*Reid* v. *INS*, 420 U.S. 619 95 S.Ct. 1164 (1975) he is barred from relief under section 241(f) since he is deportable as an alien exludable under section 212(a)(14). With this conclusion I am in complete agreement.

The majority decision then goes in to hold that in light of *Reid* the respondent also remains deportable as one excludable at entry under section 212(a)(20), (8 U.S.C. 1182(a)(20)). This is not only unnecessary to a resolution of the case, since the respondent is deportable by reason of section 212(a)(14), (8 U.S.C. 1182(a)(14)), but also, in my view, erroneous in law.

As I stated in *Matter of Munguia*, 15 I. & N. Dec. 355 BIA (May 5, 1975), *Reid* v. *INS* is not without its ambiguities. There is, indeed, language in *Reid* which supports the position taken by the majority. However, in *Reid* the Court expressly stated "We adhere to the ruling in that case. . ." (i.e. *INS* v. *Scott-Errico*, 385 U.S. 214 (1966). It then gave as its interpretation of *Scott-Errico* that where the Service chooses not to seek deportation under the section 212(a)(19) fraud provisions, but instead asserts a failure to comply with the requirements of section 211(a), (8 U.S.C. 1181(a)—the statutory provision relating to requirement of a valid visa and to status under the quota for visa purposes, in effect when *Scott-Errico* was instituted), then *Scott-Errico* extends the cloak of section 241(f), (8 U.S.C. 1251(f)) to a claim of deportability based on fraudulent misrepresentation in order to satisfy the requirements of section 211(a). It further noted that *Errico* expresses a concern that section 241(f) was intended to apply to some misrepresentations that were material to the admissions procedure.

As the majority decision points out, section 211 was amended by the Act of October 3, 1965, 79 Stat. 911, 917. It remains the underlying statutory provision for necessity of a valid visa and passport, but the language "is a non-quota immigrant if specified as such in the immigrant visa" (section 211(a)(3)) was removed. We now have the definition of "immediate relative" found in section 201 (8 U.S.C. 1151). As before, the spouse of a United States citizen continues exempt from "quota", or, as now designated, "numerical" limitations. The difference is primarily one of nomenclature.

The respondent here, as in *Scott*, obtained an exempt status and a visa, by a fraudulent representation that he was validly married to a United States citizen. Had this case originated prior to the 1965 amendment the charge would have lain under 211(a). There is little doubt in my mind that if section 211(a) were still in use, this Board would be constrained to find the charge under section 212(a)(20) waived under *Scott-Errico*, particularly since it is coupled with section 212-(a)(19). In *Scott-Errico*, the Court had no difficulty in applying 241(f) to section 211(a), despite the absence of a charge under section 212(a)(19).

As noted above, the relevant provisions of section 211(a) remain virtually intact in the Immigration and Nationality Act, albeit under a different section and with somewhat different terminology. The decision in *Reid* is nowhere premised on the fact that section 211(a) was amended in 1965. The sole reference to that amendment appears in a footnote to the majority decision. The substantive legal provisions involved in *Scott-Errico* have the same vitality as when that proceeding was instituted. *Scott-Errico* was reaffirmed in *Reid*. It is not reasonable to interpret *Reid* as saying *Scott-Errico* will have force only in the remote contingency of another case still being alive involving section 211(a). On the other hand it is eminently reasonable to view it as continuing the protection of section 241(f) in any case which is virtually identical to *Scott-Errico*. I would hold to this position even if the charge were not specifically joined to section 212(a)(19). That it is joined here makes the case even stronger.

Nor do I deem it in any way significant that the charge is predicated on the ground of inadmissibility in section 212(a)(20)—lack of a valid visa at time of entry—rather than section 201(b). This would be a distinction without a difference. The essence of the fraud was a misrepresentation obtaining an advantage in the admissions procedure, under precisely the same facts as in *Scott*. In my opinion the respondent would be entitled to a waiver of the charges based on section 212(a)(20) and section 212-(a)(19), under section 241(f) as interpreted by *Scott-Errico*, and reaffirmed in *Reid*, except for his inability to meet the "otherwise admissible" requirement of section 241(f) because of section 212(a)(14).

I fully realize, as pointed out by my colleagues, that this could have the effect of continuing many of the absurdities already encountered in seeking to apply *Errico*. Nevertheless, the Court could have overruled *Errico* and deliberately refused to do so. Errico must therefore be given force as reasonably as possible. I do not believe it incumbent on this Board, any more than the courts, to interpret remedial legislation, and judicial readings of that legislation, narrowly against the alien. See *Matter of M*, 8 I. & N. Dec. 118 (BIA 1958; AG. 1959); *Matter of Y.K.W.*, 9 I. & N. Dec. 176 (AG. 1961); *Rosenberg* v. *Fleuti* 374 U.S. 449 (1963).

For the above reasons, I concur with my fellow Members only as to that part of the decision affirming deportability under section 241(a)(1) for lack of a valid labor certification.