## MATTER OF DINIZ

### In Deportation Proceedings

#### A-30329571

*Decided by Board September 5, 1975*

In the light of the Supreme Court decision in *Reid* v. *INS*, 420 U.S. 619 (1975), the waiver of deportability provisions of section 241(f) of the Immigration and Nationality Act, as amended, do not apply to a charge of deportability under section 241(a)(2) of the Act, even though the underlying basis for deportability is the failure to fulfill a marital agreement under section 241(c) of the Act (*Matter of Montemayor,* 15 I. & N. Dec. 353 adhered to; *Matter of Marchisi,* 12 I. & N. Dec. 132, overruled).

CHARGE:

Order: Act of 1952—Sections 241(a)(2) and 241(c) [8 U.S.C. 1251(a)(2) and 1251(c)]—
Entry with visa procured by fraud—failed or refused to fulfill marital agreement.

ON BEHALF OF RESPONDENT:
John A. Mutter, Esquire
170 Westminster Street
Providence, Rhode Island 02903

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

In a decision dated April 30, 1974, the immigration judge ordered the respondent deported from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Portugal. The Service alleged, and the immigration judge found, that the respondent was deportable under section 241(a)(2) and section 241(c) of the Immigration and Nationality Act as an alien who has failed or refused to fulfill his marital agreement which was made for the purpose of procuring his entry as an immigrant. The respondent contests deportability, claiming that he married in good faith.

The facts are adequately discussed in the immigration judge's decision. The testimony of the respondent's wife squarely conflicts with the respondent's version of his marriage, and the documentary evidence of record supports the testimony of the respondent's wife. The immigration judge also found that the respondent was not a credible witness.

We agree with the decision of the immigration judge. Deportability has been established by clear, convincing and unequivocal evidence.

447

The respondent also argues that his deportation is prevented by section 241(f) of the Act. The respondent evidently has married another United States citizen and would therefore have the requisite familial relationship for section 241(f). The question thus presented is whether section 241(f) can be applied to waive deportability under section 241-(a)(2) and section 241(c), if the underlying factual basis for deportability involves a failure or refusal to fulfill a marital agreement within the contemplation of section 241(c).

Earlier Board decisions have treated section 241(c) as a separate charge upon which deportability can be predicated. *Matter of Mietus*, 11 I. & N. Dec. 679 (BIA 1966); *Matter of M–*, 7 I. & N. Dec. 601 (BIA 1957); *Matter of T–*, 7 I. & N. Dec. 417 (BIA 1957); see also *Matter of T–*, 8 I. & N. Dec. 493 (BIA 1959). We have also held that section 241(f) could operate to prevent the deportation of an alien charged under *both* section 241(a)(2) and section 241(c). *Matter of Manchis*, 12 I. & N. Dec. 132 (BIA 1967); cf. *Matter of S–*, 7 I. & N. Dec. 715 (BIA 1958).

We no longer believe this approach to section 241(f) to be sound law in view of the Supreme Court's decision in *Reid* v. *INS*, 420 U.S. 619 (1975). We have concluded that section 241(f) cannot waive deportability under section 241(a)(2). Accordingly, it is not necessary for us to consider the effect of section 241(f) on the section 241(c) charge, assuming that such a charge may stand alone.

We recognize that section 241(c) refers directly to both the fraud provision of section 212(a)(19), and to section 241(a)(2). Furthermore, it does not appear that the Supreme Court considered section 241(c) in deciding *Reid* v. *INS*, supra. Nevertheless, in view of the clear pronouncements contained in *Reid*, we hold that section 241(f) is not available to an alien charged with deportability under section 241(a)(2), even as it relates to section 241(c).

In *Reid* the Supreme Court held that section 241(f) could not benefit an alien who has entered the United States under a false claim to United States citizenship and who was charged with deportability under section 241(a)(2) as an alien who had entered without inspection. The Supreme Court's opinion in *Reid* also indicates that section 241(f) *only* applies to a section 241(a)(1) charge of deportability based on either section 212-(a)(19), or on section 211(a) as it appeared prior to its amendment in 1965.[1] See *Castro-Guerrero* v. *INS*, 515 F.2d 615 (C.A. 5, 1975); *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975). This limitation on the scope of section 241(f) precludes its extension to section 241(a)(2), even though the underlying basis for deportability is the failure to fulfill a marital agreement under section 241(c).

The Supreme Court also indicated that section 241(a)(2) establishes a

ground for deportation which is independent of whether the alien was excludable at the time of his entry. *Reid* dealt with the "entry without inspection" portion of section 241(a)(2). However, the portion of section 241(a)(2) which relates to presence in the United States in violation of the Act, and which is in issue here, similarly is independent of excludability at entry. Accordingly, ". . . nothing in the waiver provision of §241(f), which by its terms grants relief against deportation of aliens 'on the ground that they were excludable at the time of entry,' has any bearing on the case." *Reid v. INS*, 420 U.S. at 623.

Fraud is in fact present in this case. Fraud, however, is not an essential element of deportability either under the "entry without inspection" portion of section 241(a)(2) involved in *Reid*, or under the portion of section 241(a)(2) involved here.

We have interpreted *Reid* as very narrowly limiting the scope of section 241(f). See *Matter of Montemayor*, supra. We adhere to that interpretation. *Matter of Manchisi*, supra, is overruled.

The decision of the immigration judge was correct.

ORDER: The appeal is dismissed.

**Irving A. Appleman, Member, Dissenting:**

I respectfully dissent.

The literal application of *Reid v. INS*, 420 U.S. 619 (1975) in this case is troublesome. The alien has been found deportable under section 241(c), 8 U.S.C. 1251(c), of the Immigration and Nationality Act. As the majority decision notes this has been held to be a separate and distinct charge. The reference to section 241(a)(2) in the same paragraph in the order to show cause may be regarded as surplussage.

Section 241(c) is the specific fraud charge used in the case of an alien who entered the United States by means of a fraudulent marriage. It reads in pertinent part, "An alien shall be deported as having procured a visa or other documentation by fraud within the meaning of paragraph (19) of section 212(a), and to be in the United States in violation of this Act within the meaning of subsection (a)(2) of this section, if . . . it appears to the satisfaction of the Attorney General that he or she has failed or refused to fulfill his or her marital agreement which in the opinion of the Attorney General was hereafter made for the purpose of procuring his or her entry as an immigrant."

This is a charge completely founded in fraud, incorporating section 212(a)(19) by reference. By its very language one within the proscription "has procured . . . documentation by fraud within the meaning of paragraph (19) of section 212(a)." As the Court pointed out in *Reid v. INS* supra, at page 622, section 241(f), 8 U.S.C. 1251(f), I. & N. Act, tracks the provisions of section 212(a)(19) dealing with aliens excludable for fraud and waives deportation for those excludable at the time of

entry by reason of the fraud specified in section 212(a)(19). In my opinion the respondent is within this language and not barred from relief by the holding in *Reid*. In relying on section 241(c) the Service has, to all intents and purposes, established inadmissibility under section 212(a)(19) as shown by post-entry conduct. The waiver under section 241(f) is mandatory if he is now validly married to a United States citizen as claimed. I would therefore remand and reopen for proof of the marriage.

**Louisa Wilson, Member, Dissenting:**

I concur in the dissent of Board Member Irving A. Appleman.

450