MATTER OF C—

In VISA PETITION Proceedings

A–12632399

*Decided by Board March 28, 1962*

Preference quota status—Section 203(a)(2), 1952 act—Legitimation of children, Spain.

Legitimation of a child born out of wedlock occurs under Spanish law when the parents of the illegitimate child have been legally married in accordance with the laws of Spain. Recognition of such a child by the natural father under Article 134 of the Spanish Civil Code is not legitimation.

### BEFORE THE BOARD

DISCUSSION: The petitioner appeals from an order entered by the District Director at Los Angeles, California, on December 13, 1961, denying his application under section 203(a)(2) of the Immigration and Nationality Act for second preference quota status for his alleged unmarried daughter (8 U.S.C. 1153(a)(2)). Exception has been taken to the District Director's finding that the beneficiary does not qualify as a second preference quota immigrant.

The petitioner was naturalized a citizen of the United States on July 11, 1941. The beneficiary, female, born May 23, 1922, is a native of, and now resides in, Spain. A verified document submitted with the visa petition states in substance that the beneficiary was born out of wedlock to the petitioner (father) and one A—C— (mother) and was registered in the Civil Registry of Pola de Lena as a "natural child of the affiant (A—C—) with the name of D—C—E—." This document also refers to the fact that in the year 1929 the petitioner "recognized as his natural daughter, said D—, above acknowledgment was inscribed in the Civil Registry of Pola de Lena (under) the name of D—, with the paternal and maternal names, that is, A— and C—."

Counsel urges that the petitioner's recognition of the beneficiary creates the relationship of father and daughter and any reference to legitimacy is beyond the scope of section 203(a)(2) (8 U.S.C. 1153(a)(2)). Counsel also urges that under the statute (section 203(a)(2)) it is immaterial whether the beneficiary was in the legal custody

597

of the petitioner at the time of the alleged legitimation, a reason advanced by the district director for denying second preference classification.

Section 205(b) of the Immigration and Nationality Act provides (*inter alia*) that no petition for a preference under the quota in behalf of a son or daughter of a citizen of the United States under paragraph 2 of section 203(a) "shall be approved by the Attorney General unless the petitioner establishes that he is a *parent* as defined in section 101(b)(2) of the Immigration and Nationality Act" (8 U.S.C. 1155(b) and 1101(b)(2)) (emphasis supplied).

Section 101(b)(2) of the Immigration and Nationality Act states in substance that the terms "parent", "father", or "mother" exist only where the relationship comes into being under the definition of the term "child", as set forth in section 101(b)(1). The term "child" is defined by section 101(b)(1) (insofar as is pertinent here) as "an unmarried person under 21 years of age" who has been "legitimated under the law of the child's residence" provided "such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation."

The beneficiary in the instant case is now 39 years of age. While it is true that she was under the age of 18 at the time of the recognition in 1929, said recognition does not amount to "legitimation" under Spanish law. Legitimation in Spain does not take place until the parents of the illegitimate child have been legally married in accordance with the laws of Spain.[1]

The action taken by the petitioner in the instant case comes under Article 134 of the Spanish Civil Code and is known as "hijo natural reconocido" (recognition of natural child). Such "recognition" is not the same as "legitimation." Cf. *Matter of D—*, 7—438 (recognition in Italy not legitimation); *Matter of F—*, 7—448 (recognition in Portugal not legitimation).

Under the circumstances, the beneficiary does not qualify for second preference quota classification under section 203(a)(2) of the Immigration and Nationality Act. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.

---

[1] Article 120, Civil Code of Spain of 1889, as amended.