## MATTER OF DA LOMBA

### In Deportation Proceedings

### A-30442750

*Decided by Board July 14, 1978*

(1) An alien found deportable under section 241(a)(2) and section 241(c) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(2) and 8 U.S.C. 1251(c)) for having entered the United States by means of a fraudulent marriage, who was not otherwise inadmissible, may invoke section 241(f) nondeportability. *Matter of Diniz*, Interim Decision 2428 (BIA 1975), reversed.

(2) Section 241(f) forgives deportability under section 241(c), a charge grounded squarely on section 212(a)(19), 8 U.S.C. 1182 (a)(19).

(3) Section 241(f) forgives deportability under sections 241(a)(1) and 212(a)(20) when there has been compliance with the immigrant visa requirements and the entry document is invalid because of fraud.

(4) Section 241(f) does not forgive deportability under sections 241(a)(1) and 212(a)(14).

CHARGES:

Order: Act of 1952—Sections 241(a)(2) and 241(c), (8 U.S.C. 1251(a)(2) and 1251(c))— Entry with an immigrant visa procured by fraud; failed to fulfill marital agreement made to procure entry as an immigrant

ON BEHALF OF RESPONDENT:
John P. Donahue, Esquire
31 Milk Street
Boston, Massachusetts 02109

ON BEHALF OF SERVICE:
Thomas W. Haney
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

On January 6, 1978, we entered an order sustaining the respondent's appeal from an adverse decision of the immigration judge in January 1977, and terminating these proceedings. By order dated February 13, 1978, we ordered a stay of execution until further order of this Board. On our own motion, we have now reconsidered the material submitted and have reviewed the record in the light thereof.

The respondent, a native and citizen of Portugal, entered into a sham marriage with a United States citizen, Joseph John Baptista, in April 1971. The marriage in Portugal was by proxy since the parties had never met and the husband was then in this country. The respondent

entered the United States in August 1971, as an immediate relative immigrant. Following her divorce from the United States citizen, which became final in April 1973, the respondent was found deportable under sections 241(a)(2) and 241(c) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2) and 1251(c), as amended. It was amply proved that the marriage contract was a sham, entered into solely to help respondent procure an immigrant visa. The husband was paid to do his part and was assured that they would not have to live together. Nor did they. The immigration judge, by order dated November 27, 1973, granted the respondent the privilege of departing voluntarily by January 3, 1974, with an alternate order for her deportation to Portugal. She failed to depart, but rather remained here and married a lawful permanent resident, Oceano Da Lomba, in February 1974. The respondent is now the mother of a United States citizen child and appears to have the requisite familial relationship to qualify for the benefits of section 241(f) of the Act. The immigration judge, however, in his most recent decision denying the respondent's motion to reopen and terminate these proceedings under section 241(f), found that provision of the statute is not applicable in the case of an alien, such as the respondent, who remarries after having been found deportable on the specific charges in this case. We do not agree.

Section 241(c) is the specific fraud charge used in the case of an alien who entered the United States by means of a fraudulent marriage. It reads, in pertinent part, "An alien shall be deported as having procured a visa or other documentation by fraud within the meaning of paragraph (19) of section 212(a), and to be in the United States in violation of this Act within the meaning of subsection (a)(2) of this section, if . . . (2) it appears to the satisfaction of the Attorney General that he or she has failed or refused to fulfill his or her marital agreement which in the opinion of the Attorney General was hereafter made for the purpose of procuring his or her entry as an immigrant." This is a charge completely founded in fraud, incorporating section 212(a)(19), 8 U.S.C. 1182(a)(19), by reference, and an alien within its proscription has procured a visa or other documentation by fraud, within the meaning of paragraph (19) of section 212(a).

Section 241(f) provides:

> The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

The intent of Congress in enacting section 241(f) was a humanitarian desire to unite families and preserve family ties. The fundamental

617

purpose for such legislation was to forestall deportation where it would break up a family composed in part of United States citizens or lawful permanent residents. See *INS* v. *Errico*, 385 U.S. 214 (1966). Granting the respondent section 241(f) relief in the present case would, therefore, further the Congressional purpose underlying the statute. Cf. *Lai Haw Wong* v. *INS*, 474 F.2d 739 (9 Cir. 1973); *Chung Wook Myung* v. *INS*, 468 F.2d 627 (9 Cir. 1972); *United States* v. *Palmer*, 458 F.2d 663 (9 Cir. 1972).

The Supreme Court has interpreted section 241(f) twice. In *INS* v. *Errico, supra*, the Court held that aliens who had made fraudulent representations to the visa-issuing official and who had been charged with deportability for being excludable at entry as not nonquota or preference quota immigrants as specified in their visas were saved from deportability when they had the relatives prescribed by the statute. The Court rejected a Service construction that the aliens were not "otherwise admissible" because under the true facts visas would not have been available.

One result of the Court's construction was uncertainity about the limits of the reach of the "otherwise admissible" clause of section 241(f) when the alien had committed fraud in gaining entry, but the deportation charge differed from that in *Errico*. In particular, there was a conflict between federal judicial circuits regarding applicability of section 241(f) when the alien, having obtained entry by fraudulently representing himself to be a United States citizen, was charged with being deportable under section 241(a)(2) of the Act for entry without inspection. The Supreme Court reviewed the question in *Reid* v. *INS*, 420 U.S. 619 (1975) and held that section 241(f) does not benefit the alien in such a case.

The Court in *Reid* agreed with the Service contention that where the Service relies on a ground of deportation such as section 241(a)(2)—entry without inspection—which does not rest on excludability, then section 241(f) has no bearing on the case. The Court said that imprudent reliance on broad language in the *Errico* decision had led some lower courts to err in applying section 241(f):

> We do not believe that section 241(f) as interpreted by *Errico* requires such results. We adhere to the holding of that case, which we take to be that where the INS chooses not to seek deportation under the obviously available provisions of section 212(a)(19) relating to the fraudulent procurement of visas, documentation, or entry, but instead asserts a failure to comply with those separate requirements of section 211(a), dealing with compliance with quota requirements, as a ground for deportation under section 241(a)(1), section 241(f) waives the fraud on the part of the aliens in showing compliance with the provisions of section 211(a). In view of the language of section 241(f) and the cognate provisions of section 212(a)(19), we do not believe *Errico's* holding may properly be read to extend the waiver provisions of section 241(f) to any of the grounds of excludability specified in section 212(a) other than subsection (19).

In reliance on this statement by the Supreme Court, this Board immediately afterwards strictly limited section 241(f) applicability to charges based on excludability under section 212(a)(19) of the Act. See *Matter of Munguia-Mendosa*, Interim Decision 2393 (BIA 1975); *Matter of Montemayor*, Interim Decision 2399 (BIA 1975); *Matter of Diniz*, Interim Decision 2428 (BIA 1975). The Court of Appeals for the Fifth Circuit ruled to the same effect. See *Castro-Guerro v. INS*, 515 F.2d 615 (5 Cir. 1975).

But two other United States Courts of Appeal have stated that this *dictum* in *Reid* does not justify the Service in denying the applicability of section 241(f) after selectively charging the alien with having been excludable under section 212(a)(20) of the Act—no valid visa—when he in fact did present immigrant documentation but it was invalid because of misrepresentations which could have supported a charge based on section 212(a)(19). In *Persaud v. INS*, 537 F.2d 776 (3 Cir. 1976), the Third Circuit said that the Service had given an unduly restrictive reading to *Reid*. It held that the relationship between excludability under section 212(a)(19), for fraud in procuring documentation, and excludability under section 212(a)(20), for invalid documentation (based on fraud in obtaining it), is so close that the section 212(a)(20) charge is, to all intents and purposes, a "lesser included offense" under section 212(a)(19) and is excused by section 241(f).

The Ninth Circuit reviewed the Board's decision cited above as *Matter of Montemayor*, *supra*, under the title *Cacho v. INS*, 547 F.2d 1057 (9 Cir. 1976). The case concerned two consolidated petitions. Both aliens had entered as immigrants. The alien Cacho had been found to have been excludable under section 212(a)(19) and (20) as well as section 212(a)(14). The alien de Paz had been found to have been excludable only under subsections (19) and (20). The Court upheld the deportation order against Cacho but remanded *de Paz* for consideration under section 241(f). The Court reasoned that under *Reid's* construction of *Errico*, section 241(f) operates to waive both the section 212(a)(19) ground of excludability and the underlying fraud itself, thus implementing a congressional policy that family relationship should outweigh lying to evade restrictive quotas. The Court concluded that since section 212(a)(20) relates only to quotas in a case where the alien has a duly issued immigrant visa or returning resident's document, it too is waived under section 241(f) when document issuance has been induced by fraud. On the other hand, since the basis for exclusion under section 212(a)(14) relates to a consideration—the state of the labor market—entirely different from quota considerations, that ground is not waived under section 241(f).

We have decided to adopt the same approach as the United States Courts of Appeal for the Third and Ninth Circuits, which have refused

to give so narrow and literal an interpretation to the scope of section 241(f) that only charges resting explicitly and directly on section 212(a)(19) excludability could be waived. We hold that section 241(f) will apply to an alien in the posture of an immigrant with immigrant documentation obtained by fraud relating only to evading restrictive quotas. Also, we hold that when an alien is found deportable on the charge arising out of section 241(c), which expressly incorporates section 212(a)(19) excludability in the statutory basis for deportation, section 241(f) can save him deportation.

Having receded from the strict, literal construction stated in our *Munguia-Mendosa, Montemayor*, and *Diniz* decisions, it is appropriate to reexamine the conclusions reached therein. The Munguias, husband and wife, entered under a false claim to citizenship. The difference between their case and that of Mr. and Mrs. Reid is that in *Reid*, the deportation charge was entry without inspection whereas here the charge was based on excludability under section 212(a)(20) for lack of an immigrant visa. We would continue to hold that section 241(f) is not available to such a situation. The Ninth Circuit, in *Guel-Perales v. INS*, 519 F.2d 1372 (9 Cir. 1975), decided subsequent to *Reid*, dealt with exactly the same facts and choice of charge as in *Munguia* and ruled that *Reid* bars application of section 241(f). In commenting later on *Guel*, the Ninth Circuit stated in *Cacho, supra:*

> Although the charging section in *Guel-Perales* was section 212(a)(20), which deals with excludability (un like *Reid* where the charging section was section 241(a)(2)), the fraudulent misrepresentation in *Guel-Perales* did not serve to show compliance with quota requirements and thereby satisfy the need to provide the documentary proof required by section 212(a)(20). It served instead to avoid the necessity for compliance with any portion of section 212(a) by avoiding entry as an alien. This was not the kind of underlying fraud forgiven by section 241(f). Faced with such unforgiven fraud section 212(a)(20) retains all its vigor.

We agree. *Montemayor* would also be decided the same way as before, as approved in *Cacho*, because the section 212(a)(14) ground of excludability is not waived by section 241(f). However, we would not decide *Diniz* the same way today. Interpreting *Reid* as we do now, we hold that section 241(f) waives deportability under section 241(c), a charge grounded squarely on section 212(a)(19). We overrule *Diniz* and reinstate as a precedent *Matter of Manchisi*, 12 I. & N. Dec. 132 (BIA 1967). Accordingly, we are satisfied that the decision of the Board on January 6, 1978 was correct, in the circumstances of this case.

ORDER: The appeal is sustained and it is ordered that the deportation proceedings against the respondent be terminated.