MATTER OF AGUSTIN

In Deportation Proceedings

A-30742898

*Decided by Board July 3, 1979*

(1) Under Article 80 of the Philippine Civil Code, a marriage is void ab initio if it was not properly solemnized or a valid marriage license was not issued.

(2) A marriage between two persons who have not freely given their consent to the marriage is voidable under Philippine law, and valid until annulled or otherwise terminated. *Matter of Rice*, 16 I&N Dec. 96 (BIA 1977), modified.

(3) An alien is not precluded from establishing eligibility for relief from deportation under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f), merely because a deportation charge was brought under sections 241(a)(1) and 212(a)(20) of the Act, 8 U.S.C. 1251(a)(1) and 1182(a)(20), if, in fact, immigration documentation was obtained by fraud. *Matter of Da Lomba*, 16 I&N Dec. 616 (BIA 1978), followed.

(4) Where an alien misrepresented herself as single in her visa application when in fact she was married, but contended the marriage was a nullity under Philippine law, case remanded to determine whether there was a fraudulent intent which would support an application for section 241(f) relief.

(5) An alien who was under the age of sixteen at the time an immigrant visa was issued to her is not precluded from establishing that she was "otherwise admissible" at the time of her entry for the purposes of section 241(f) relief for lack of a valid labor certification under section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14).

CHARGE:
Order:    Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Not in possession of valid unexpired immigrant visa or other valid entry document.

ON BEHALF OF RESPONDENT:    Raymond Lee, Esquire
1360 Pacific Trade Center
Honolulu, Hawaii 96813

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The respondent has appealed from the decision of an immigration judge, dated July 3, 1978, denying her request for reopening of her deportation proceedings. The record will be remanded.

The respondent is a 23-year-old native and citizen of the Philippines who was admitted to the United States as a lawful permanent resident on January 29, 1971. She obtained an immigrant visa as the unmarried

daughter of an alien lawfully admitted for permanent residence under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). On June 9, 1976, an Order to Show Cause was issued, charging the respondent with deportability under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), as an alien excludable at entry under section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20), as an immigrant not in possession of a valid unexpired immigrant visa or other valid entry document.

At a deportation hearing held on June 23, 1976, the Service introduced into evidence a statement of the respondent, dated June 23, 1976, in which she stated that, in December 1970, prior to her admission into the United States, she married Francisco Ignacio (Ex. 4). The Service also introduced an excerpt from the Civil Register of Marriages in the Philippines which indicates that a marriage between Lydia N. Carino and Francisco Ignacio was registered on January 6, 1971 (Ex. 3). However, on January 22, 1971, the respondent completed an application for an immigrant visa in which she stated her marital status as single (Ex. 2). The respondent conceded deportability, and the immigration judge found her deportable in a decision dated June 23, 1976, but granted her the privilege of voluntary departure in lieu of deportation.

On April 19, 1978, the respondent moved to reopen her deportation proceedings, asking that the immigration judge reconsider his decision and also allow the respondent to apply for relief from deportation under section 241(f) of the Act, 8 U.S.C. 1251(f). On July 3, 1978, the immigration judge denied the respondent's motion. The respondent has appealed from that denial.

Initially, the respondent, through counsel, makes the legal argument that the evidence does not support a finding that she was married under Philippine law. She contends that she did not freely consent to the marriage, that a valid marriage license was not issued, and that the marriage was not properly solemnized. In support of her claim, the respondent refers to various sections of the Philippine Civil Code setting forth the requirements for a valid marriage.

The defects in the marriage referred to by the respondent do not appear to be fatal to the validity of the marriage. The respondent has not cited any authority clearly establishing that the marriage in this case would be regarded as void ab initio under Philippine law. Article 80 of the Civil Code of the Philippines states:

The following marriages shall be void from the beginning:

(1) Those contracted under the ages of sixteen and fourteen years by the male and female respectively, even with the consent of the parents;

(2) Those solemnized by any person not legally authorized to perform marriages;

15

(3) Those solemnized without a marriage license, save marriages of exceptional character;

(4) Bigamous or polygamous marriages not falling under article 83, number 2;

(5) Incestuous marriages mentioned in article 81;

(6) Those where one or both contracting parties have been found guilty of the killing of the spouse of either of them;

(7) Those between stepbrothers and stepsisters and other marriages specified in article 82.

*See generally Matter of Dela Cruz,* 14 I&N Dec. 686 (BIA 1974). The respondent claims, on appeal, that the marriage was not properly solemnized, and that a valid marriage license was not issued. However, the registration of the marriage, entered into evidence as Exhibit 3 at the respondent's deportation hearing, states that the marriage was solemnized by Judge Hermenegildo Prieto. Article 56 of the Philippine Civil Code provides that marriages may be solemnized by:

(1) The Chief Justice and Associate Justices of the Supreme Court;

(2) The Presiding Justice and the Justices of the Court of Appeals;

(3) Judges of the Courts of First Instances;

(4) Mayors of cities and municipalities;

(5) Municipal judges and justices of the peace;

(6) Priests, rabbis, ministers of the gospel of any denomination, church, religion or sect, duly registered, as provided in article 92, and;

(7) Ship captains, airplane chiefs, military commanders, and consuls and vice-consuls in special cases provided in articles 74 and 75.[1]

Similarly, Exhibit 3 indicates that a marriage certificate was received by the Office of the Treasurer before registration of the marriage. Article 67 of the Philippine Civil Code provides that a marriage certificate contain ". . . [a] statement that the marriage license has been issued according to law. . . ." The respondent has not introduced any evidence, other than her own testimony, to support her claim that no marriage license was, in fact, issued. Accordingly, we find that the evidence does not support a finding that her marriage to Francisco Ignacio was invalid under Philippine law because of the lack of proper solemnization or a marriage license.

The respondent has not argued that any other of the bases for finding a marriage void under article 80 are present in this case. Whether the marriage ceremony was voidable for one reason or another is immaterial, since a voidable marriage is generally regarded as valid until annulled or otherwise terminated. *See United States v. Sacco,* 428 F.2d 264, 269 (9 Cir. 1970), *cert. denied,* 400 U.S. 903 (1970).[2] We regard the dictum in *Matter of Rice,* 16 I&N Dec. 96 (BIA 1977),

---

[1] There is no claim advanced that Judge Prieto does not come within one of these classes of persons authorized to perform marriages under the Code.

[2] In fact, the respondent testified that she obtained a divorce from Francisco Ignacio in Hawaii in 1975 (Tr. p. 11). A divorce proceeding presupposes the existence of a valid

that a marriage between two parties who have not freely given their consent to the marriage is void ab initio under Philippine law as incorrect, and we expressly disapprove of the language in our decision today. We find, therefore, the respondent's argument that her marriage was of no legal effect to be without merit, and we hold that the immigration judge correctly found her deportable on the basis of clear, convincing, and unequivocal evidence.

However, we find that the proceedings should be reopened to enable the respondent to apply for relief from deportation under section 241(f) of the Act.[3] Concerning nondeportablility under section 241(f), we determined, subsequent to the immigration judge's decision herein, that an alien was not precluded from 241(f) relief merely because the deportation charge was brought under sections 241(a)(1) and 212(a)(20) of the Act. *Matter of Da Lomba*, 16 I&N Dec. 616 (BIA 1978). In *Da Lomba*, we held that it is not necessary that a deportation charge be brought under section 212(a)(19) of the Act, 8 U.S.C. 1182(a)(19), in order for section 241(f) to be operative if, in fact, immigration documentation was obtained by fraud. In the present case, the respondent admitted that she entered as an unmarried child and that she was actually married at the time. Her defense to deportation that, as a matter of law, she was unmarried at the time her visa was issued is not probative on the issue of her mental processes at that time.[4] Accordingly, we shall remand the record for receipt of evidence on the issue of whether there was fraudulent intent when the respondent represented herself as single in her visa application.

The Trial Attorney has argued extensively in his brief on appeal that, even assuming the respondent is eligible to apply for relief from deportation under section 241(f), she was not "otherwise admissible" at the time of her entry as required by that section. In *Matter of Gonzalez*, 16 I&N Dec. 564 (BIA 1978), we held that section 241(f) was not operative where the alien seeking relief was not "otherwise admissible" at the time of entry for lack of a valid labor certification and was not exempt therefrom. However, we find that the respondent in the present case was exempt from the labor certification requirements of section 212(a)(14) due to her age. Volume 9 of the Foreign Affairs Manual, note 1.1 under 22 C.F.R. 42.91(a)(14), provides:

Any alien under the age of sixteen when a visa is *issued* . . . would not require a labor certification even though such alien might become employed upon attaining working age. . . . (Emphasis supplied.)

marriage. See *Matter of F—*, 9 I&N Dec. 275 (BIA 1961).

[3] The respondent testified at her deportation hearing that she was the parent of a United States citizen child (Tr. p. 12).

[4] *Cf. Matter of Raqueno*, Interim Decision 2713 (BIA 1979).

The respondent was issued her visa on January 22, 1971, while she was under the age of sixteen (Ex. 2). We find, therefore, that she may not be precluded from establishing that she was otherwise admissible at the time of her entry within the meaning of section 241(f) for lack of a labor certification. Accordingly, the motion to reopen will be granted and the record remanded for consideration of the respondent's request for termination under section 241(f).

ORDER: The proceedings are reopened and the record is remanded to the immigration judge for consideration of the respondent's application for section 241(f) relief.

FURTHER ORDER: If relief should be granted by the immigration judge, the outstanding order of deportation shall be withdrawn.