## MATTER OF ANABO

### In Deportation Proceedings

### A-34164113

### *Decided by Board July 10, 1981*

(1) The married son of a United States citizen was excludable at entry under section 212 (a)(19) of the Act, 8 U.S.C. 1182(a)(19), for failing to disclose his marriage and was, therefore, also excludable under section 212(a)(20), of the Act, 8 U.S.C. 1182(a)(20), for having entered the United States with an invalid first-preference visa as the unmarried son of a United States citizen, but was not excludable under section 212(a) (14) of the Act, 8 U.S.C. 1182(a)(14), for failure to possess a labor certification. *Matter of Wong*, 16 I&N Dec. 87 (BIA 1977); *Matter of Montemayor*, 15 I&N Dec. 353 (BIA 1975), distinguished.

(2) The legislative history of section 212(a)(14) reflects that Congress did not intend that the son of a petitioning United States citizen be excludable under that section.

(3) Section 241(f) of the Act, 8 U.S.C. 1251(f), waives excludability at entry under sections 212(a)(19) and 212(a)(20) where the alien was otherwise admissible at entry.

(4) The evasion of restrictive quotas by improperly entering as a first-preference immigrant does not render a respondent a nonpreference alien at entry for purposes of excludability under section 212(a)(14) when he was classifiable as a fourth-preference immigrant if his marriage had been disclosed and, therefore, respondent is entitled to a waiver of the charges of deportability under section 241(f).

(5) Acknowledgement by the father renders a child legitimate under the Uniform Parentage Act, California Civil Code Sections 7000-7018.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa

Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Visa obtained by fraud or misrepresenting a material fact

Lodged: Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under sec. 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
Simmons, Ungar and Pohlam
517 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Brian H. Simpson
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, and Morris, Board Members

The respondent appeals from the August 14, 1979, decision of the immigration judge denying his application for termination of the proceedings pursuant to section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f). The appeal will be sustained and the proceedings terminated.

The respondent is a native and citizen of the Philippines who was admitted into the United States as a lawful permanent resident on January 26, 1973, in possession of a first-preference immigrant visa as the unmarried son of a United States citizen. *See* section 203(a)(1) of the Act, 8 U.S.C. 1153(a)(1). On August 14, 1979, the immigration judge concluded that the respondent was deportable by virtue of being excludable at entry under sections 212(a)(19) and (20) of the Act, 8 U.S.C. 1182(a)(19) and (20). The basis for excludability was the fact that he had entered into a marriage ceremony prior to entering the United States as the unmarried son of a United States citizen.

On December 27, 1969, the respondent had married a Filipino woman at Tanag, Rezal, the Philippines, and had not terminated that marriage prior to immigrating into the United States as the first-preference unmarried son of a United States citizen instead of as a married son, entitled only to a fourth-preference immigrant visa pursuant to section 203(a)(4) of the Act, 8 U.S.C. 1153(a)(4) (Tr. pp. 1-3) (Ex. 1, 3, 4, 5). Deportability was clearly established that the respondent was excludable at entry under sections 212(a)(19) and 212(a)(20) since he immigrated with an invalid first-preference visa he obtained by concealing his marriage. This constitutes clear, convincing, and unequivocal evidence of deportability as required by *Woodby* v. *INS*, 385 U.S. 276 (1966) and 8 C.F.R. 242.14(a).

The respondent then claimed that he was entitled to a waiver of the charges of deportability pursuant to section 241(f) of the Act, 8 U.S.C. 1251(f). The Service responded by contending that the respondent was ineligible for section 241(f) relief because he was also excludable at entry under section 212(a)(14) of the Act, and lodged a charge under that section at the deportation hearing.

The respondent is listed as the father of a United States citizen in a Certificate of Live Birth issued by the State of California (Ex. 2). It states that on August 2, 1977, a female child was born to the respondent and a woman named Judy Jackson in Oakland, California. Such acknowledgement renders the respondent's daughter his child for immigration purposes. *See Kaliski* v. *District Director*, 620 F.2d 214 (9 Cir. 1980); *Matter of Fulgencio*, 17 I&N Dec. 471.(BIA 1980); 1976 Uniform Parentage Act, California Civil Code Sections 7000-7018. Consequently, the respondent sought a waiver of deportability pursuant to section 241(f) which reads as follows:

(f) The provisions of this section relating to the deportation of aliens within the United

States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien *otherwise admissible at the time of entry who is the* spouse, *parent*, or a child *of a United States citizen* or of an alien lawfully admitted for permanent residence. (Emphasis supplied.)

The language of the section expressly covers the language of section 212(a)(19) of the Act, mandating a waiver of deportability for being excludable at entry for qualifying respondents. In addition, the waiver provision has been read liberally to reach evasion of quota restrictions in *INS* v. *Errico*, 385 U.S. 214 (1966), and excludability under 212(a)(20) for the entry with the invalid visa which results from the fraud. *Matter of Da Lomba*, 16 I&N Dec. 616 (BIA 1978); *Matter of Agustin*, 17 I&N Dec. 14 (BIA 1979).

However, when the respondent is also excludable under section 212(a)(14) of the Act, section 241(f) is ineffective to remove deportability because such a respondent does not meet the statutory requirement that he be "otherwise admissible at the time of entry for 241(f) relief." *Reid* v. *INS*, 420 U.S. 619 (1975); *Chow* v. *INS*, 641 F.2d 1384 (9 Cir. 1981); *Matter of Gonzalez*, 16 I&N Dec. 564 (BIA 1978). The respondent's position is that he was "otherwise admissible" because he was not excludable at entry under section 212(a)(14). He contends that he was exempt from the requirements of section 212(a)(14) because he was the son of a United States citizen and thus entitled to preference status under section 203(a)(4) of the Act. The immigration judge disagreed, concluding that the respondent was not entitled to be considered a fourth-preference immigrant for 212(a)(14) excludability purposes because such a preference had not been accorded him in a visa petition approved by the Attorney General pursuant to section 203 of the Act (i.j. dec. pp. 3-4). The respondent appealed to this Board.

Neither this Board nor the courts have previously addressed the question of whether an alien who would have been exempt from the labor certification requirement under another preference classification than the one improperly received, would be eligible for section 241(f) relief as being "otherwise admissible" at the time of entry into the United States. The great majority of cases involving a section 212(a)(14) charge as a result of material misrepresentation of marital status involve married sons or daughters of lawful permanent residents and sham marriages. Section 212(a)(14) operates as an alternative ground of inadmissibility for aliens concealing a marriage that precedes admission into the United States as the second-preference son or daughter of a lawful permanent resident pursuant to section 203(a)(2). *Matter of Wong*, 16 I&N Dec. 87 (BIA 1977); *Matter of Agustin, supra*. This results from the fact that there is no preference classification under the Act for the married sons and daughters of lawful permanent residents, therefore, upon marriage, such an alien becomes a nonpreference immigrant.

A similar outcome occurs when the alien sought entry as a spouse pursuant to a sham or invalid marriage. *See Cacho* v. *INS*, 547 F.2d 1057 (9 Cir. 1976); *Matter of Montemayor*, 15 I&N Dec. 353 (BIA 1975). That outcome, however, is not necessarily applicable when the respondent sought entry as a first-preference unmarried son of a United States citizen, despite having married. The language of section 212(a)(14) specifically limits its application to "preference immigrant aliens described under 203(a)(3) and (6) and to nonpreference immigrant aliens described in section 203(a)(8)" which do not require a petitioning relative. The married son or daughter of a petitioning United States citizen is entitled to a fourth-preference immigrant visa pursuant to section 203(a)(4).

The legislative history of the last amendments to section 212(a)(14) indicates that Congress did not intend to make close relatives of United States citizens excludable under that section. The Senate Report accompanying the bill explicitly states ". . . these provisions are not applicable in the case of immediate relatives or in the case of certain other close relatives of United States citizens . . . where petitions have been filed by citizens . . . . In those cases there is a clear responsibility assumed by citizens . . . who have filed petitions for their relatives to come to the United States and as a consequence such certification by the Secretary of Labor is deemed unnecessary." S. Rep. No. 748, 89th Cong. 1st Sess. 7, reprinted in 1965 U.S. Code Cong. and Ad. News 3320, 3334. It is clear that Congress did not intend section 212(a)(14) excludability to include sons and daughters of a United States citizen who qualify for a preference immigration status and who are the beneficiaries of a visa petition filed by their citizen parent, merely because they failed to disclose a marriage, and thereby obtained a higher immigration preference.

A key element in qualifying for the 212(a)(14) exemption is that the citizen relative must have filed a visa petition on the alien's behalf that would result in the exemption. Thus, in *Matter of Haller*, 12 I&N Dec. 319 (BIA 1967), we held that an alien seeking adjustment of status as a nonpreference immigrant was not entitled to an exemption from the labor certification requirement despite the fact that he was married to a United States citizen because she had not filed a visa petition on his behalf. In visa petition proceedings only the petitioner has standing to confer immigration benefits and contest a denial of a visa petition by the District Director. *Matter of Kurys*, 11 I&N Dec. 315 (BIA 1965); *Matter of C-*, 9 I&N Dec. 597 (BIA 1962). In the present case, the respondent's United States citizen father had filed a visa petition on his behalf. An unrebutted finding had been made that the respondent was the son of a United States citizen. The failure to disclose his married status rendered him excludable under section 212(a)(19) for failing to disclose material facts, and section 212(a)(20) for holding an invalid first-preference visa, since he was not unmarried as described in section

203(a)(1). However, the nondisclosure does not render him excludable under section 212(a)(14) where the same visa petition filed would have entitled him to fourth-preference status and a section 212(a)(14) exemption, had the marriage been timely disclosed. *See* 8 C.F.R. 204.5(a).

The Service finally contends that the respondent should also not be considered otherwise admissible for section 241(f) purposes because visa numbers were not available for fourth-preference immigrants when he was admitted into the United States. In *Matter of Da Lomba, supra,* we specifically held that section 241(f) operated to waive the evasion of restrictive quotas because of overriding family considerations. In *Da Lomba,* we adopted the Ninth Circuit's position as stated in *Cacho v. INS,* 547 F.2d 1057, 1060 (9 Cir. 1976). The court in *Cacho* explained that the failure to have a quota number available was a requirement of the former section 211(a) of the Act, 8 U.S.C. 1181(a) and that such inadmissibility under section 211(a) of the Act, was held subject to a section 241(f) waiver by the Supreme Court's decision in *INS* vs. *Errico, supra* at 220. *Cacho v. INS, supra,* at 1060; *cf. Reid v. INS, supra,* at 627; *Chow v. INS, supra,* at 1384. Consequently, we find that the respondent was otherwise admissible under the terms of section 241(f) and is, therefore, entitled to such mandatory relief. The deportation proceedings are hereby terminated.

**ORDER:** The appeal is sustained and the deportation proceedings are terminated.