**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESSA CAMARA, <br><br>     Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>     Respondent. | No. 22-1292 <br><br> Agency No. <br> A077-820-701 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2024
Seattle, Washington

Before: WARDLAW, W. FLETCHER, and MILLER, Circuit Judges.

Essa Camara, a native and citizen of the Democratic Republic of the Congo,

petitions for review of a decision of the Board of Immigration Appeals dismissing

his appeal from an immigration judge's decision denying his Petition to Remove

Conditions on Residence (Form I-751) and ordering him removed. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review factual findings, including adverse credibility decisions, under the deferential substantial evidence standard." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, we must accept the findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4); *see Garland v. Ming Dai*, 593 U.S. 357, 365 (2021). We have "no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination," and we instead employ a totality-of-the-circumstances approach. *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (quoting *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc)). The substantial evidence standard also governs the Board's finding that a petitioner's marriage was not bona fide at the time the petitioner and his spouse married. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). We review de novo whether immigration officers' conduct "was sufficiently egregious to require application of the exclusionary rule." *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1449 (9th Cir. 1994).

1. Camara challenges the agency's conclusion that he and his witnesses, including his wife, Safeta Rajic, did not testify credibly. When making credibility determinations, an immigration judge should "consider[] the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1229a(c)(4)(C). Here, both the immigration judge and the Board accurately noted material inconsistencies in the

testimony of Camara, Rajic, and Rajic's daughter. Camara's and Rajic's testimony as to when they started living together was contradictory, as was testimony concerning the periods of their separation and cohabitation. A driver's license and license plate search, along with lease documents, suggested that the two did not live together at all. Given those inconsistencies and considering the totality of the circumstances, *see Barseghyan*, 39 F.4th at 1142, substantial evidence supports the agency's adverse credibility determination.

2. Camara insists that the immigration judge did not sufficiently justify her determination that his marriage was not genuine. But Camara's and Rajic's lack of credibility supports the conclusion that their marriage "was entered into for the purpose of procuring [Camara]'s admission as an immigrant." 8 U.S.C. § 1186a(b)(1)(A)(i); *see also Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005) (explaining that inconsistencies in evidence support the determination that an alien's marriage is not bona fide). And their inconsistent testimony about cohabitation and general lack of knowledge about each other suggest that they "did not intend to establish a life together at the time they were married." *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir. 1975). We disagree with Camara's contention that the immigration judge erred in identifying events or inconsistencies occurring after the spouses married as relevant to the bona fide marriage inquiry. We have recognized that although "evidence of separation,

standing alone, cannot support a finding that a marriage was not bona fide when it was entered," "the time and extent of separation, combined with other facts and circumstances, can and have adequately supported the conclusion that a marriage was not bona fide." *Id.* at 1202. Substantial evidence supports the agency's determination that Camara's marriage was not bona fide.

3. Camara argues that the immigration judge and the Board erred in denying his motion to suppress certain evidence, including Rajic's 2008 confession that her marriage to Camara was a sham. Generally, the exclusionary rule does not apply in immigration proceedings, although an exception exists for evidence obtained through an "egregious" Fourth Amendment violation. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033–34 (9th Cir. 2011) (as amended). Here, there was no such violation. Circumstances that "might indicate a seizure" include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). None of those factors was present in this case.

Furthermore, the two United States Citizenship and Immigration Services officers who entered Rajic's apartment testified that they followed their regular procedures, including receiving consent to enter and asking for a written statement.

Both officers also testified that they neither threatened nor pressured Rajic or her daughter in any way. The officers supplied the only testimony about the visit that was found to be credible. We conclude that there was no egregious Fourth Amendment violation and affirm the denial of Camara's suppression motion.[1]

4. Camara also argues that the immigration judge and the Board violated his due process rights in "applying too low a standard of proof" and in "prejudicially" placing the burden of proof on him instead of the government when denying his Petition to Remove Conditions on Residence. To prevail on a due process challenge in the context of removal proceedings, Camara "must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings[.]" *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). Here, both the immigration judge and the Board identified and applied the correct standard and burden of proof. The immigration judge, for example, explained that "after considering the totality of the evidence, the court finds that the DHS met its burden proving, by a preponderance of the evidence,

---

[1] Camara argues that the immigration judge erred in denying his motion to suppress as untimely. Although the immigration judge described the motion as untimely, the immigration judge's written decision reflects that the motion was denied on the merits. On appeal, the Board affirmed the immigration judge's denial of the motion strictly on the merits and did not reach the timeliness issue. We therefore need not consider whether the immigration judge erred in describing the motion as untimely.

that [Camara]'s marriage was not entered into in good faith." Because there was no error affecting the outcome of Camara's proceedings, there was no due process violation.

5. Finally, Camara argues that the immigration judge erred in failing to advise him that he was eligible for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H)(i)(I). That provision grants a waiver to people who were wrongfully admitted to the country due to a misrepresentation, but only when they fulfill certain requirements—including, most importantly, having a citizen relative. Camara does not meet this requirement. To the extent he suggests that Rajic, as his spouse, is such a relative, he is wrong. *See Matter of Matti*, 19 I. & N. Dec. 43, 44–46 (B.I.A. 1984) (holding that an alien cannot claim a fraud waiver based on a marriage that has been found not to be bona fide).

**PETITION DENIED.**