## MATTER OF WONG

## In Deportation Proceedings

## A–31222365

*Decided by Board January 12, 1977*

(1) Respondent was admitted to the United States as a lawful permanent resident without a labor certification under section 203(a)(2) of the Immigration and Nationality Act as the unmarried child of a lawful permanent resident. However, two weeks before she entered the United States, she married. The immigration judge found her deportable under section 241(a)(1) of the Act as an alien who was excludable at the time of entry. Subsequent to this decision, respondent obtained an annulment of this marriage and moved to reopen deportation proceedings.

(2) Notwithstanding the grant of a judgment of nullity by the Superior Court of California rendering this marriage void ab initio, the doctrine of relation back which would ordinarily apply in a situation such as this will be deemed not to apply here because it does not promote the intended purpose. Although the annulment might be given retroactive effect by the California court annulling the marriage ab initio, it will not be given retroactive effect for immigration purposes.

(3) Since the respondent married before leaving Burma, she was in violation of the immigration laws at the time of her entry into the United States. The Board is not obliged to give retroactive effect to the California decree of annulment to cure a violation of the immigration laws and the respondent was deportable as charged.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable by law existing at time of entry (sec. 212(a)(19) of the Act)

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—no valid immigrant visa (sec. 212(a)(20) of the Act)

ON BEHALF OF RESPONDENT:   Thomas N. Saldin, Esquire
4676 Admiralty Way, #632
Marina Del Rey, California 90291

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a decision dated August 28, 1974, the immigration judge found the respondent deportable as an alien who was excludable at the time of entry under section 241(a)(1) of the Immigration and Nationality Act and granted her voluntary departure in lieu of deportation. The respondent had obtained an immigrant visa by representing herself to be the

unmarried daughter of a lawful permanent resident. However, she had married two weeks before actually entering the United States. Subsequent to the immigration judge's decision, the respondent obtained an annulment of her disqualifying marriage and thereupon moved to reopen her deportation proceedings. The motion to reopen was granted by the immigration judge and a hearing held. In a decision dated June 10, 1976, the immigration judge denied a motion to terminate the deportation proceedings, finding that the annulment should not be given a retroactive effect for immigration purposes. Although the voluntary departure was reinstated, the respondent has appealed the decision. The appeal will be dismissed.

The respondent was born on December 25, 1942, and she is a native of Burma and a citizen of China. She entered the United States on May 20, 1973, without a labor certification as the unmarried child of a lawful permanent resident. Section 203(a)(2).

During reopened proceedings, counsel moved to terminate, contending that the respondent is not deportable because her marriage was judicially annulled by the Superior Court of California on October 30, 1975; and that the annulment rendered her marriage void ab initio, as of the date of the marriage, May 11, 1973. The record contains a Judgment of Nullity in support of her contention.

The record also contains a notice from the Department of State (FS-548) which informed the respondent that she would lose her preference status if she married prior to her application for admission to the United States, and that she would also be subject to exclusion. That notice was signed by the respondent and dated September 29, 1972. Although the testimony is unclear, we find that the respondent entered into a marriage prior to her admission into the United States despite the fact that she had been previously warned that she would lose her preference status if she married.

Counsel cites *Matter of Samedi*, 14 I. & N. Dec. 625 (BIA 1974) and *Matter of V—*, 6 I. & N. Dec. 153 (BIA 1954), as requiring that the California decree of nullity be given a retroactive effect to void the marriage as though it had never existed. Accordingly, the respondent would be the unmarried daughter of a lawful permanent resident at the time of entry. However, the immigration judge cites a more recent Board decision, *Matter of Castillo*, Interim Decision 2427 (BIA 1975), wherein we held that the "relation back" doctrine should not be blindly followed where to do so would result in a gross miscarriage of justice. That decision was based on a California case, *Sefton* v. *Sefton*, 45 Cal. 2d 872, 291 P.2d 439 (1955), wherein it was held that the "relation back" doctrine was a legal fiction designed to fashion substantial justice between the parties to a voidable marriage. Thus, in keeping with the decision in *Castillo*, *supra*, we will not give the California annulment

retroactive effect in this case. The "relation back" doctrine must be deemed to apply only where it promotes the purposes for which it was intended. *Matter of T—*, 8 I. & N. Dec. 493 (BIA 1959). Even though the annulment might be given retroactive effect, by the California courts, annulling the marriage ab initio, it should not be given a retroactive effect for immigration purposes.

As the respondent married before leaving Burma, she was in violation of the immigration laws at the time of her entry into the United States. Regardless of what effect the courts might give to a decree of annulment, for immigration purposes, we are not obliged to give retroactive effect to it so as to cure a violation of the law respecting entry into the United States.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within such time and under conditions of departure as may be set by the District Director; in the event the respondent fails so to depart, the respondent shall be deported as provided in the immigration judge's order.