**Lilia Nequinto HENDRIX, Petitioner,**

v.

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 77–3543.**

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1978.

Donald L. Ungar (argued), San Francisco, Cal., for petitioner.

James P. Morris (argued), Dept. of Justice, Washington, D. C., for respondent.

Before MERRILL and CHOY, Circuit Judges, and TANNER,* District Judge.

PER CURIAM:

Petitioner, a native of the Philippines, entered the United States on June 5, 1971, upon presenting an immigrant visa. The visa was issued to petitioner as the unmarried daughter of a United States citizen. This status qualifies one for the highest preference for admission under § 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(1). In truth petitioner had been married to a Philippine citizen at the time of her entry. As the married daughter of a United States citizen, petitioner would have received a lower preference under 8 U.S.C. § 1153(a)(4), and admittedly would not have been eligible for admission.

The Immigration Judge found her deportable under § 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1), as excludable at the time of entry because she was an alien not of the status specified in her immigrant visa.

Petitioner appealed this decision to the Board of Immigration Appeals. While the appeal was pending, the Superior Court of California granted an annulment of petitioner's marriage pursuant to California Civil Code § 4425(e), finding that her consent was obtained by force and stating that the annulment should be given retroactive effect "voiding the marriage ad initio." Petitioner then contended on her appeal to the Board that, in light of the annulment, she was not a married person at the time of her entry and was properly admitted under her visa. The Board rejected this argument, dismissed the appeal, and denied petitioner's motion for reconsideration.

Petitioner here seeks review of the Board's decision. We affirm the Board. In *Matter of Wong,* Interim Decision 2549 (BIA 1977), the Board held that "we are not obliged to give retroactive effect to annulments so as to cure a violation of law respecting entry into the United States." We agree. Unless unusual circumstances dictate that in the interest of justice retroactive effect should be given an annulment, see *Matter of T.,* 3 I. & N. Dec. 528 (BIA 1949), it is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system. At the time petitioner entered the United States she was not an unmarried person.

---

* Honorable Jack E. Tanner, United States District Judge of the Western District of Washington, sitting by designation.

Petitioner also contends that the term marriage as used in the immigration statutes refers only to bona fide marriages in which the parties actually intend to enter into a sincere and lasting marital relationship. She points out that the immigration authorities and courts have relied on this concept in a variety of contexts and have held a marriage to be sham where an alien marries an American citizen only in order to obtain some advantage under the immigration laws. *See, e. g., Lutwak v. United States,* 344 U.S. 604, 611–12, 73 S.Ct. 481, 97 L.Ed. 593 (1953); *Bark v. Immigration and Naturalization Service,* 511 F.2d 1200, 1201–02 (9th Cir. 1975). Petitioner seeks to apply the sham marriage concept in the converse situation, contending that where the immigration authorities urge that an alien *is* married, the alien should be allowed to prove that the marriage is not bona fide.

The purpose of the sham marriage doctrine, however, is to avoid manipulation of the immigration priorities through changes in marital status not undertaken in good faith. As stated in *Lutwak,* "Congress did not intend to provide aliens with an easy means of circumventing the quota system by fake marriages in which neither of the parties ever intended to enter into the marital relationship." 344 U.S. at 611, 73 S.Ct. at 486. Applying the sham marriage doctrine in petitioner's situation would not serve to avoid manipulation of the immigration laws. Rather it could facilitate it, for, as the Immigration Judge noted, if petitioner's argument is accepted, "it will rest with the married alien to decide unilaterally whether his or her marriage was valid or invalid according to the goal he or she hopes to achieve."

The petition to review is denied.