**Mary Grace PURGANAN, Appellant,**

v.

**Richard S. SCHWEIKER *, Secretary, Department of Health and Human Services, Appellee.**

No. 80–4139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1981.

Decided Jan. 4, 1982.

---

* Richard S. Schweiker has been substituted for Patricia Roberts Harris as defendant-appellee in this appeal pursuant to Federal Rule of Appellate Procedure 43(c)(1).

William Marlin, San Francisco, Cal., for appellant.

John M. Kern, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and TANG, Circuit Judges and VAN PELT,** Senior District Judge.

MERRILL, Circuit Judge:

On the death of her father Appellant received child's insurance benefits under the Social Security Act. 42 U.S.C. § 402(d). These benefits ceased on her marriage in June 1976. § 402(d)(1)(D). That marriage was annulled in December 1976 and Appellant was granted benefits from that date until, at age 22, she became ineligible for further assistance. § 402(d)(1)(F)(ii). Appellant now seeks to recover retroactively benefits for the period of her marriage on the ground that under California law an annulment renders the marriage void *ab initio*. Benefits were denied by the Secretary. On review of that ruling, the district court granted summary judgment to the Secretary and this appeal was taken. We affirm.

While under California law an annulment of marriage operates to relate back and "erase the marriage and all its implications from the outset," such relation back applies only when it operates to achieve justice as between the parties to the marriage or otherwise promotes sound policy. *Sefton v. Sefton*, 45 Cal.2d 872, 874, 291 P.2d 439, 440 (1955). Thus the rule will not operate to reinstate alimony rights from a previous marriage. *Id.*

To the same effect is *Powers v. Fox*, 96 Cal.App.3d 440, 158 Cal.Rptr. 92 (1979). There the plaintiff who had been defrauded by her realtor husband sought to recover her losses from the state Real Estate Recovery Fund. The statute creating the fund provided that recovery from it could not be had from the spouse of a defrauding agent. Plaintiff's marriage had since been annulled and she contended that the annulment should relate back to the date of the marriage. Recovery was denied. The court held that relation back of the decree would not comport with the purpose of the fund to protect those who had relied on the representation of honesty inherent in the realtor's license but not those whose reliance had been on the marital relationship.

Thus California in application of its rule of relation back appears to confine it to

** Honorable Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

cases where rights of the parties to the marriage as between themselves are in issue. When the rights of third parties or entitlement to public benefits are involved the rule is applied only when it promotes sound policy.

This court has had occasion to consider the effect of a California decree of annulment on rights conferred by federal law arising during the period of the marriage. In *Hendrix v. United States Immigration & Naturalization Service*, 583 F.2d 1102 (9th Cir. 1978), petitioner, a native of the Philippines, had entered the United States on a visa issued to her as the unmarried daughter of a United States citizen. In fact at the time of her entry, she was married and as a married person was entitled to a lower admission preference. After entry, she secured a California decree of annulment of marriage and contended that it should be given retroactive effect. This court rejected her claim holding that "it is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system. At the time petitioner entered the United States she was not an unmarried person." *Id.* at 1103.

Application of that holding to the facts of this case would be consistent with the California rule that annulment should relate back only when it promotes sound policy. General rules such as the marriage termination provision "are essential if a fund of this magnitude is to be administered with a modicum of efficiency." *Califano v. Jobst*, 434 U.S. 47, 53, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977). Accordingly, it is the marital status that actually existed during the months in question that determines Appellant's entitlement to social security benefits. During those months Appellant was a married person.

JUDGMENT AFFIRMED.