24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kaivan SHARIFZADEH-FAHRAJI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70695.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1994.
Decided April 15, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 MEMORANDUM*
 Kaivan Sharifzadeh-Fahraji petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from a deportation order under section 241(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. Sec. 1251(a)(1), as an alien excludable at entry under section 212(a)(14) and (a)(20) of the INA, 8 U.S.C. Sec. 1182(a)(14) and (a)(20). Fahraji's immigrant visa was based on a second marriage (to a United States citizen) although at the time of entry he was still legally married to his first wife. His principal argument is that the BIA erred in failing to give an annulment of the first marriage, obtained after entry, retroactive effect. We have jurisdiction, 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 * Although he articulates the argument in a number of ways, Fahraji's appeal turns on his contention that the BIA erred by failing to give retroactive effect to the annulment. He claims that because the annulment had the effect of making his first marriage void from the outset, the BIA must disregard the first marriage altogether. We disagree. The Board does not have to give retroactive effect to annulments. Hendrix v. INS, 583 F.2d 1102 (9th Cir.1978). "Unless unusual circumstances dictate that in the interest of justice retroactive effect should be given an annulment, it is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system." Id. at 1103 (citation omitted). When Fahraji applied for his immigrant visa, he did not acknowledge his participation in a prior marriage ceremony. Nor did he file for the annulment until after the INS issued an order to show cause. Moreover, Fahraji presented nothing to indicate his circumstances are sufficiently unusual that justice demands his annulment be given retroactive effect.
 
 
 1
 Whether or not his annulment "relates back" for other purposes, the question here is whether it relates back for immigration purposes. Matter of Wong, 16 I & N Dec. 87, 89 (BIA 1977). It is not fatal to the BIA's position in this case that in others it has given an annulment retroactive effect.[1] As we cannot say the BIA erred in not finding special circumstances in this case, we affirm the Board.
 
 II
 
 2
 Fahraji makes two additional, related arguments. First, he submits that the immigration court lacked jurisdiction to challenge his second marriage and that collateral estoppel precludes relitigating his marriage. However, neither the IJ nor the BIA adjudicated Fahraji's marriage to Baltazar. Rather, they determined whether Fahraji, as a matter of immigration law, had been admitted properly to the United States as the spouse of an American citizen. A finding by an immigration agency that Fahraji was excludable at entry is not an adjudication of his marital status.
 
 
 3
 Fahraji also argues that the Hawaii state court annulment decree is entitled to full faith and credit by federal courts and agencies and that the BIA's failure to give the annulment retroactive effect violates the Tenth Amendment of the United States Constitution. Deciding that Fahraji was excludable at entry does not undermine the annulment decree, or have any bearing on the validity of the annulment or Hawaii's authority to grant the decree. The Full Faith and Credit Clause is therefore not implicated.
 
 III
 
 4
 Finally, Fahraji argues that the IJ erred in admitting an unauthenticated copy of a marriage contract between Fahraji and his first wife because an uncertified official record is not evidence and should not have been considered. However, administrative proceedings are not controlled by strict rules of evidence; the law requires only that an alien be afforded due process. Cunanan v. INS, 856 F.2d 1373, 1374 (9th Cir.1988); Matter of Magana, 17 I & N Dec. 111, 115 (BIA 1979) ("Suffice it to say that the Federal Rules of Civil Procedure are not applicable in deportation proceedings."). Even if receiving the contract were error, Fahraji was not denied due process since he has shown no prejudice. Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980); see also Matter of Santos, 19 I & N Dec. 105 (BIA 1986) (alien must demonstrate prejudice by violation of procedural rule or regulation before deportation proceeding will be invalidated). As Fahraji admitted that he had participated in the first marriage ceremony and that he was party to a contract of marriage, the document itself was cumulative and thus not prejudicial.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Five of the BIA decisions Fahraji cites in which an annulment was given retroactive effect pre-date Hendrix. See Matter of Samedi, 14 I & N Dec. 625 (BIA 1974); Matter of Kwan, 11 I & N Dec. 205 (BIA 1965); Matter of F-, 8 I & N Dec. 251 (BIA 1959); Matter of V-, 6 I & N Dec. 153 (BIA 1954); Matter of T-, 3 I & N Dec. 528 (BIA 1949). The only post-Hendrix BIA decision upon which he relies, Matter of Astorga, 17 I & N Dec. 1 (BIA 1979), involves an alien whose immigrant status was dependent upon the marriage which was annulled, a situation factually different from this case