**Wincenty Adam RYBUSINSKI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–1357.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 2001.

Decided Oct. 25, 2001.

Before Hon. EASTERBROOK, Hon. DIANE P. WOOD, Hon. WILLIAMS, Circuit Judges.

### ORDER

Wincenty Rybusinski contests the decision of the Board of Immigration Appeals ("BIA") denying his application for suspension of deportation. In this appeal, Rybusinski claims that the BIA erred when it refused to give a court order vacating his divorce decree retroactive effect. For the reasons set forth below, we affirm the BIA's decision.

Rybusinski, a native of Poland, entered the United States in 1981. In early 1982, he met his second wife, Jadwiga Veach. A year later, he married her. On June 28, 1984, Jadwiga obtained a divorce from Rybusinski. Then, six months later, in December 1984, Rybusinski, with Jadwiga as his sponsor, filed an immigrant visa application with the Immigration and Naturalization Service ("INS") office in Toronto, Canada. On his application, Rybusinski stated that Jadwiga and he were married. Rybusinski returned to the United States with his approved visa. Sometime in the fall of 1985, Jadwiga moved out of the marital home and deserted Rybusinski. In 1986, the couple briefly reconciled, and Jadwiga moved back into their home. The reconciliation was short-lived, however, and Jadwiga moved out of the home in the fall of 1987.

In June 1992, the INS filed an Order to Show Cause with the immigration court alleging that Rybusinski had falsified his

marital status on his petition for an immigrant visa. He had initially claimed, in an application for naturalization, to have divorced Jadwiga in 1984, before he entered the country. But then, in November 1992, after the Order to Show Cause, Rybusinski and Jadwiga filed a joint stipulation to vacate the divorce in the Circuit Court of Cook County, asserting that Jadwiga had obtained the 1984 divorce through fraud. The court approved the stipulation and entered an order vacating the divorce. After a hearing, the immigration judge ("IJ") found Rybusinski to be deportable and declined to apply the "relation back" doctrine to the decree that nullified the divorce. Rybusinski appealed the IJ's decision to the BIA, and the BIA dismissed his appeal. This appeal followed.

■ In considering Rybusinski's claims, we review the BIA's legal conclusions de novo. *Shaikhs v. INS,* 181 F.3d 823, 825 (7th Cir.1999). We defer to its factual findings, and will reverse only if the record lacks substantial evidence to support its factual conclusions. *Sayaxing v. INS,* 179 F.3d 515, 519 (7th Cir.1999). Therefore, Rybusinski must show that the evidence compels a contrary conclusion to prevail. *Bradvica v. INS,* 128 F.3d 1009, 1012 (7th Cir.1997) (citing *INS v. EliasZacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The issue then, is whether that 1992 order vacating the 1984 divorce applies retroactively such that he should have been considered married at the time he entered the country in 1984.

■ Rybusinski contends that the BIA erred in failing to apply the relation back doctrine to the decree nullifying his divorce. Courts, however, have repeatedly declined to give state court orders affecting marital relationships retroactive effect for immigration purposes. *See Garcia v. INS,* 31 F.3d 441, 444 (7th Cir.1994); *Hendrix v. U.S. INS,* 583 F.2d 1102, 1103 (9th Cir.1978); *see also Matter of Wong,* 16 I & N Dec. 87, 89 (even though a California court gave retroactive effect to an order annulling the marriage ab initio, the BIA did not relate the order back for immigration purposes). "Marriages declared void at inception, or annulled, will not relate back to cure a ground of exclusion or deportation at the time of entry where the alien entered the United States in an immigrant status dependent on his being unmarried," *Matter of Astorga,* 17 I & N Dec. 1, 4 (BIA 1979), and the BIA was not required to apply a different rule for divorces. *Hendrix,* 583 F.2d at 1103. In this case, the divorce came into effect six months before Rybusinski filed his visa application, therefore, the BIA did not err in concluding that Rybusinski was not married to Jadwiga at the time he re-entered the United States. Rybusinski also claims that because the 1984 divorce decree was obtained by fraud, the divorce decree was invalid from its inception. But, as noted, in deciding whether the 1992 order relates back to the 1984 divorce decree, the BIA is not bound by Illinois law. *Cf. Garcia v. INS,* 31 F.3d 441, 444 (7th Cir.1994) ("The fact that the law of the jurisdiction in which the annulment was granted deemed annulled marriages void ab initio was not controlling."). Therefore, the fact that the divorce was procured by fraud does not affect its validity at the time of the visa and the BIA did not err in finding that Rybusinski and Jadwiga were not married at that time.

This result does not trouble us because the purpose of conditioning Rybusinski's re-entry on the validity of his marriage is to keep families together. Rybusinski claims that he believed his marriage was valid at the time he received his visa and therefore, the relation back doctrine should be applied to the nullification decree because he is an innocent party in this action. However, Rybusinski admitted that he believed his divorce was final in

1984. Furthermore, after the divorce, Rybusinski filed his tax returns as a "single" person [1] and signed leases which listed him as the only tenant. Finally, Rybusinski admits that he has not lived with Jadwiga since 1987, and did not even know where she lived at the time of his deportation hearing. Clearly, Rybusinski did not intend to live with his wife when he applied for his visa. Therefore, the purposes of the immigration laws would not be served by allowing Rybusinski to remain in the United States and would instead result in a gross miscarriage of justice.

Because the BIA did not err in disregarding the order nullifying his divorce for immigration purposes and substantial evidence supported that decision, we AFFIRM the BIA's decision.

---

**1.** It should be noted that Rybusinski's 1983 tax return, which was filed before the divorce, listed him as "married."