**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ariel SUAREZ, Defendant—Appellant.**

**No. 03–15257.**

**D.C. No. CV–01–01795–VRW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 31, 2004.

---

Robert Yeargin, Office of the U.S. Attorney, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Rodel E. Rodis, Law Offices of Rodel E. Rodis, San Francisco, CA, for Defendant–Appellant.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

**MEMORANDUM \***

We affirm the district court's denial of Ariel Suarez's ("Suarez") Rule 60(b)(2) motion because the district court did not abuse its discretion in determining that Suarez's annulment was immaterial under *Hendrix v. INS*, 583 F.2d 1102 (9th Cir. 1978).

Suarez argues that unusual circumstances surrounding his 1983 marriage require that his annulment be given retroactive effect, making it material to the summary judgment. Regardless of the circumstances, annulments are not given retroactive effect to cure immigration law violations where doing so would allow for manipulation of those laws, *Matter of Astorga*, 17 I. & N. Dec. 1, 5, 1979 WL 44352 (1979), and we have determined that misrepresentation of marital status at the time of entry constitutes just such a manipulation. *Hendrix*, 583 F.2d at 1103.

When Suarez applied for naturalization, he did not acknowledge the 1983 marriage ceremony or his three children, and later conceded he feared the existence of his children would affect his naturalization status. Annulment of the marriage was only initiated after the United States sued to revoke Suarez's naturalization. This misrepresentation and manipulation precludes retroactive application of the annulment under *Hendrix*, rendering it immaterial to the underlying judgment. Accordingly, the district court did not commit "a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" in ruling Suarez's annulment immaterial and denying his Rule 60(b)(2) motion. *Moneymaker v. CoBen*, 31 F.3d

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1447, 1451 (9th Cir.1994) (citations and internal quotation marks omitted).

AFFIRMED.