Napoleon RUIZ AGATON, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71443.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided June 23, 2004.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kendall C.S. Wong, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Napoleon Ruiz Agaton (Agaton), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' (BIA) streamlined decision summarily affirming the Immigration Judge's (IJ) denial of a waiver of a misrepresentation that resulted in Agaton's removal. Agaton also appeals the BIA's denial of his motion to remand/reopen his case.

To qualify for relief under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H), (waiver of misrepresentation that rendered the alien inadmissible or subject to removal), Agaton had to establish that he was statutorily eligible *and* that he merited relief in the exercise of discretion. The IJ found that Agaton was statutorily eligible for relief because he had a qualifying relative. However, after balancing the favorable and adverse factors in Agaton's case, the IJ denied Agaton's request for a waiver of his misrepresentation that he was single.[1] The IJ's denial of the requested waiver resulted solely from the exercise of her discretion.

■ Pursuant to INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), we do not have jurisdiction to review any "decision or action of the Attorney General the authority

---

1. As a married son of a United States citizen, Agaton was ineligible for the preferential family-based visa previously requested by Agaton's father.

for which is specified under [8 U.S.C. §§ 1151–1378] to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title [relating to asylum]." *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 688–89 (9th Cir.2003) (citations omitted) (alteration in the original). The statute at issue here, 8 U.S.C. § 1227(a)(1)(H), expressly states that the decision whether to grant a waiver is a discretionary one. Consequently, we are without jurisdiction to review the IJ's decision.

Agaton also contends that the BIA's streamlined decision, as well as the criteria outlined in the streamlining regulations, violated his due process rights. Agaton's arguments are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003), which held that streamlining does not violate an alien's due process rights, and concluded that we lack jurisdiction to review the specific decision to streamline a case if the claim is based on an alleged error that we lack jurisdiction to review in the first instance. Here, as in *Falcon Carriche*, the petitioner's claim is based on an alleged error regarding a discretionary determination. As a result, we lack jurisdiction to review that decision in the first instance, *and* lack jurisdiction to review the decision to streamline Agaton's case.

▮ Finally, although Agaton contends that the subsequent annulment of his marriage satisfied the requirements for a motion to reopen, *Hendrix v. U.S. INS*, 583 F.2d 1102 (9th Cir.1978) (per curiam), forecloses his claim for relief. In *Hendrix*, we held that "we are not obliged to give retroactive effect to annulments so as to cure a violation of law respecting entry into the

United States." *Id.* at 1103. In other words, "[u]nless unusual circumstances dictate that in the interest of justice retroactive effect should be given an annulment ... it is the marital status at the time of entry that should serve as the basis for one alien's preferment over others under the quota system." *Id.* (citation omitted). No such circumstances are present here. Moreover, substantial evidence supports the IJ's determination that Agaton was, in fact, married at the time of entry, and thus removable as charged. Consequently, the Petition for Review is

**DISMISSED IN PART AND DENIED IN PART.**