**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENEDICTO ROLLON SUSTAL, | No. 10-72605 |
| Petitioner, | Agency No. A045-755-200 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| BENEDICTO ROLLON SUSTAL, | No. 11-71317 |
| Petitioner, | Agency No. A045-755-200 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted February 6, 2015[**]
Pasadena California

Before: PREGERSON and NGUYEN, Circuit Judges, and CARR, Senior District Judge.[***]

Benedicto Sustal ("Sustal") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable. Sustal also appeals the BIA's decision denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

Sustal argues that the subsequent annulment of his marriage should be given retroactive effect so as to cure the violation at the time he filed his visa application and entered the United States. Our case, *Hendrix v. INS*, 583 F.2d 1102 (9th Cir. 1978), forecloses this claim for relief. We held in *Hendrix* that "we are not obliged to give retroactive effect to annulments so as to cure a violation of law respecting entry into the United States." *Id.* at 1103 (quoting *Matter of Wong*, 16 I & N Dec. 87, 89 (BIA 1977)); *see also Matter of Astorga*, 17 I & N Dec. 1, 4 (BIA 1979) ("[M]arriages declared void at inception, or annulled, will not relate back to cure a ground of exclusion or deportation at the time of entry where the alien entered the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

United States in an immigrant status dependent on his being unmarried."). Thus, "[u]nless unusual circumstances dictate that in the interest of justice retroactive effect should be given an annulment, it is the marital status *at the time of entry* that should serve as the basis for one alien's preferment over others under the quota system." *Hendrix*, 583 F.2d at 1103 (emphasis added) (internal citation omitted); *see also Matter of Magana*, 17 I & N Dec. 111 (BIA 1979) (refusing to apply relation back to cure entry fraud). No such unusual circumstances are present here.

Moreover, substantial evidence supports the IJ's determination that Sustal was married at the time of entry, and thus is removable as charged.

Finally, because Sustal failed "to address how the BIA abused its discretion by denying his motion to reopen and reconsider its decision," he has waived this issue. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

We therefore deny the petitions for review.

**DENIED.**