**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ANGELITA ALFONS GOMEZ; et al., | Nos.  15-72285<br>15-73435 |
| Petitioners, | Agency Nos.  A099-799-895 |
| v. | A088-583-478<br>A088-583-479 |
| WILLIAM P. BARR, Attorney General, | A088-583-480 |
| Respondent. | MEMORANDUM* |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 13, 2019
Pasadena, California

Before:  SCHROEDER and GRABER, Circuit Judges, and M. WATSON,**
District Judge.

Petitioners Maria Gomez ("Gomez"), her husband, and their two children

petition for review of the Board of Immigration Appeals' ("BIA") decision

affirming the immigration judge's order finding Gomez removable.  Gomez also

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael H. Watson, United States District Judge for the
Southern District of Ohio, sitting by designation.

appeals the BIA's decision denying her motion to reconsider.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

In 1994, Gomez sought to adjust status under section 245(i) of the Immigration and Nationality Act as the unmarried daughter of a lawful permanent resident.  Although Gomez's marriage certificate lists December 29, 1986, as her date of marriage, she presented a decree from a Philippine court finding that her marriage was invalid from the beginning because various formalities were not followed in the marriage process.

The BIA correctly concluded that it was not required to give effect to the Philippine court order.  *See Hendrix v. INS*, 583 F.2d 1102, 1103 (9th Cir. 1978) (per curiam) (quoting *Matter of Wong*, 16 I. & N. Dec. 87, 89 (B.I.A. 1977) ("[W]e are not obliged to give retroactive effect to annulments so as to cure a violation of law respecting entry into the United States.")); *Matter of Astorga*, 17 I. & N. Dec. 1, 4 (B.I.A. 1979) ("[M]arriages declared void at inception, or annulled, will not relate back to cure a ground of exclusion or deportation at the time of entry where the alien entered the United States in an immigrant status dependent on [her] being unmarried.").

The BIA also permissibly found that Gomez's arguments that her marriage was invalid under Philippine law were unpersuasive in light of a visa petition that

2

Gomez filed in 1999 as the <u>married</u> daughter of a United States citizen.  In support of that petition, Gomez submitted an affidavit indicating that she married her husband in 1986.  Gomez has sought "to decide unilaterally whether . . . her marriage was valid or invalid according to the goal . . . she hopes to achieve." *Hendrix*, 583 F.2d at 1104.  The BIA was correct in not permitting such a result.

**PETITIONS DENIED**.